# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

BRANCH BANKING AND TRUST COMPANY,

        Plaintiff,

v.                                     CIVIL ACTION NO. 2:19-cv-00073

LOGAN ONCOLOGY CARE ASSOCIATES, LLC,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Branch Banking and Trust Company's ("Plaintiff") Motion for Default Judgment against Defendant Logan Oncology Care Associates, LLC ("Logan Oncology"). (ECF No. 9.) For the reasons discussed below, the Court **GRANTS** the motion.

## I. BACKGROUND

Plaintiff initiated this action on January 28, 2019, alleging breach of contract against Logan Oncology for its default on a promissory note dated February 17, 2012, payable to Plaintiff in the principal amount of Two Hundred Fifty Thousand Dollars ($250,000.00) (the "Note"). (ECF No. 1 at 3 ¶ 11.) Under the terms of the Note, as modified, Logan Oncology promised to pay Plaintiff the principal and interest due in fifty-nine (59) regular monthly installments of $4,696.50, commencing on July 24, 2015, with a final payment of all remaining principal and interest amounts on June 24, 2020. (*Id.*; *see also* ECF No. 1-1 at 9.) The Complaint alleges that Logan Oncology has failed to make such payments when due and as required under the Note. (ECF No. 1 at 3, ¶

13.) Therefore, Plaintiff seeks a money judgment for the unpaid principal in the amount of $117,033.77, accrued interest, unpaid charges and fees, prejudgment and post-judgment interest, and attorneys' fees associated with recovering the amounts due under the Note.  (*Id.* at ¶ 21.)

On March 12, 2019, service of process was effectuated upon Logan Oncology by certified mail in accordance with Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure.  (ECF No. 6.) The Summons notified Logan Oncology that this lawsuit has been filed, that it had twenty-one (21) days to file a responsive pleading, and that its responsive pleading was to be filed with the Court and served on Plaintiff's counsel at the address provided.  The Summons expressly notified Logan Oncology that if it failed to respond, "judgement by default will be entered" against it for the relief requested in the Complaint.  (*Id.*)  Logan Oncology was required to file an answer or motion under Rule 12 of the Federal Rules of Civil Procedure on or before April 2, 2019.  As of this date, Logan Oncology has failed to file an answer to the Complaint or otherwise appear and defend this civil action.

Accordingly, on May 14, 2019, the Clerk entered default against Logan Oncology pursuant to Federal Rule of Civil Procedure 55(a).  (ECF No. 8.)  On July 10, 2019, Plaintiff filed the present motion for default judgment.  In its motion, Plaintiff represents that the indebtedness under the Note remains unpaid.  (ECF No. 9 at 2.)  Logan Oncology has not responded to the motion.  As such, the Court will consider the motion as unopposed.

II.     LEGAL STANDARD

District courts may enter default judgment against a properly served defendant under Federal Rule of Civil Procedure 55.  Rule 55(a) provides for entry of default where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend[.]"

Fed. R. Civ. P. 55(a). After the clerk enters default, a party may move the court for default judgment pursuant to Rule 55(b). *See* Fed. R. Civ. P. 55(b).

When reviewing a motion for default judgment, courts should review the complaint to determine if the "face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 187 F.3d 628 (4th Cir. 1999) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The court should accept as true the well-pleaded factual allegations in the complaint, but default does not establish the amount of damages claimed. *See* Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). When a default judgment has been awarded, a plaintiff must prove damages to a reasonable certainty and when a defendant has failed to respond, the court must make an independent determination—by relying on affidavits, documentation, or an evidentiary hearing—of the sum to be awarded as damages. *See Ventura v. L. A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 104 (D.C.C. 2015.) The court, however, must not enter default judgment that "differ[s] in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

While the court may conduct a hearing to determine the amount of damages pursuant to Rule 55(b)(2), it may also award damages without a hearing where the amount claimed is "capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The court may calculate damages based on affidavits and documentary evidence. *Masco Corp. v. Bennett*, No. 3:08-cv-161-RJC-DCK, 2010 WL 1405136, at *2 (W.D. N.C. Mar. 31, 2010); *see also* Fed. R. Civ. P. 55(b)(2) (providing that a court may hold a hearing before entering default judgment as necessary to "conduct an accounting; determine the amount of damages; establish the truth of any

allegation by evidence; or investigate any other matter."). Courts are afforded significant discretion when determining the need for a hearing on damages. *Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly.").

## III. DISCUSSION

More than three months have passed since Logan Oncology was served with the Summons and Complaint, yet it has failed to respond or otherwise appear or defend against this action. As a result, the factual allegations in the Complaint are deemed admitted, *see* Fed. R. Civ. P. 8(b)(6), and default judgment against Logan Oncology for breach of contract is proper.

Under West Virginia law, a breach of contract claim includes the following three elements: "formation of a contract, a breach of the terms of that contract, and resulting damages." *Fifth Third Bank v. Revelation Energy, LLC*, No. 3:18-0270, 2018 WL 6681196, at *3 (S.D. W. Va. Dec. 19, 2018) (quoting *Sneberger v. Morrison*, 776 S.E.2d 156, 171 (W. Va. 2015)). Accepting the factual allegations in the Complaint as true, the parties entered into a valid, enforceable contract on February 17, 2012, wherein Plaintiff loaned monies pursuant to the terms of the Note and Logan Oncology promised to pay Plaintiff the principal and interest due on the Note. (ECF No. 1 at 3 ¶¶ 11, 17.) Plaintiff fulfilled its obligations under the Note, but Logan Oncology breached the contract when it failed to make timely and required payments under the terms of the Note, leaving an unpaid principal balance of $117,033.77. (*Id.* at 4 ¶¶ 18–19, 21.) These allegations are legally sufficient to entitle Plaintiff to judgment against Logan Oncology on the breach of contract claim.

4

*A.     Compensatory Damages*

In support of its request for damages, Plaintiff has submitted to the Court the original Note, the Note modification agreements, and signed affidavits attesting to the unpaid amounts owed under the Note. (*See* ECF No. 1-1 (Note and modifications); ECF No. 9-1 (Affidavit of Margaret Briscoe); ECF No. 9-2 (Affidavit of W. Eric Gadd).) From these submissions, the Court finds that the amounts due and owed pursuant to the terms of the Note are readily calculable, and, therefore, a hearing is unnecessary. As of July 3, 2019, the total balance due on the Note was $129,013.48, consisting of an unpaid principal of $117,033.77, accrued interest of $8,801.92, and unpaid late charges and fees of $3,177.79. (ECF No. 9-1 at 2 ¶ 5.) The Court finds the affidavits and documentary evidence submitted by Plaintiff prove these amounts due with reasonable certainty, and, accordingly, Plaintiff is entitled to default judgment in the amount of $129,013.48.

In addition, Plaintiff requests prejudgment interest from July 3, 2019, through the date of entry of this Court's judgment order at a $21.13109 *per diem* rate and post-judgment interest at the statutory rate until the judgment is satisfied. (ECF No. 9 at 5.) In civil actions based on diversity jurisdiction, the availability and amount of prejudgment interest is governed by applicable state law. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999). Under West Virginia law, prejudgment interest must be awarded on contractual obligations at a rate set in the agreement or at the legal rate set by statute. W. Va. Code § 56–6–31. Here, Plaintiff proposes a prejudgment interest rate of $21.13109 *per diem* but does not provide adequate support for this proposal or any interest calculation. Thus, the Court finds that there is an insufficient basis upon which to enter default judgment regarding prejudgment interest

at this time.¹  Nevertheless, the Court will allow Plaintiff fourteen (14) days to submit a proposed prejudgment interest calculation and a detailed explanation of that calculation.

As to post-judgment interest, the current interest rate under West Virginia Code § 55–6–31, which governs interest on judgments and decrees, is 5.5 percent.  Accordingly, the Court will apply a 5.5 percent interest rate from the date of this Court's judgment order until the satisfaction of such judgment.

B.    *Attorneys' Fees and Costs*

Additionally, Plaintiff has incurred legal fees in attempting to enforce and collect the amount owed by Logan Oncology and has moved for an award of attorneys' fees and costs in the amount of $4,659.50.  (ECF No. 9 at 5 ¶ 28.)  Rule 54 of the Federal Rules of Civil Procedure allows a party to file a claim for attorney's fees and related nontaxable expenses "unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial."  Fed. R. Civ. P. 54(d)(2)(A).

Here, the Note provides that Logan Oncology will be responsible for Plaintiff's attorneys' fees and costs incurred for collecting payments due and owed under the Note.  (ECF No. 1-1 at 3.)  Plaintiff has submitted detailed billing statements to the Court and an affidavit substantiating the fees and expenses incurred in this case.  (*See* ECF No. 9-2 (Affidavit of W. Eric Gadd); ECF No. 9-3 (Billing Records).)  To date, Plaintiff has incurred $4,259.50 in attorneys' fees for 27.6 hours worked and $400.00 in expenses.  (ECF No. 9-2 at 2 ¶ 6; ECF No. 9-3 at 14.)  The Court

---

¹ While the Note provides for prejudgment interest, it does not provide a clear interest rate to be applied to amounts due.  Rather, it states that "[f]rom and after any event of default hereunder, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ('Default Rate'), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of West Virginia; and further provided that such rate shall apply after judgment."  (ECF No. 1-1 at 2.)  Plaintiff does not provide the "Bank's Prime Rate," a proposed interest calculation, or a day of breach.  Thus, the Court finds that Plaintiff has not established this element of its claimed damages with reasonable certainty.

has reviewed the hourly rates charged by Plaintiff's counsel W. Eric Gadd, Ryan W. Weld, and the law firm of Spilman Thomas & Battle and finds that these rates are reasonable. The Court also has considered the substance of the work performed and finds that it does not readily appear that Plaintiff's hourly details are excessive or redundant. The billing records evidence the number of hours worked related directly to analyzing the Note and collateral documents, drafting a legal demand, preparing and filing the Complaint and accompanying documents, and preparing the motion for entry of default and the present motion for default judgment. (ECF No. 9-2 at 2 ¶ 7; ECF No. 9-3.) Accordingly, the Court finds that Plaintiff's request for attorneys' fees is reasonable and, therefore, accepts the proposal.

Further, upon reviewing the expenses associated with collecting and enforcing the Note, *i.e.*, the complaint filing fee, the Court finds this expense incurred is necessary and reasonable. Accordingly, Plaintiff is entitled to an award of $400 for costs.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment against Logan Oncology, (ECF No. 9), and **ORDERS** that the following amounts be paid to Plaintiff: $117,033.77 for the outstanding principal on the Note; $8,801.92 in interest; $3,177.79 in late charges and fees; and post-judgment interest at a rate of 5.5 percent from the date of this order until the satisfaction of this judgment. Further, the Court **ORDERS** Logan Oncology to pay Plaintiff $4,259.50 in attorneys' fees and $400 in costs for a total award of $4,659.50. The Court denies Plaintiff's request for prejudgment interest on the amounts due under the Note; however, Plaintiff may submit a prejudgment interest calculation within fourteen (14) days of this order. If necessary, the Court will issue an amended judgment to include prejudgment interest.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 19, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE